**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0410n.06

No. 08-3640

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 08, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| LOUIS STEVENSON, | ) SOUTHERN DISTRICT OF OHIO |
| | ) |
| Defendant-Appellant. | ) |

Before:  MARTIN, RYAN and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Louis Stevenson appeals the district court's refusal to reduce the sentence it imposed for his drug-conspiracy conviction.  We affirm.

I.

In 1999, Stevenson pleaded guilty to conspiring to distribute cocaine and cocaine base.  The sentencing guidelines suggested a sentence from 360 months to life.  But the district court granted the government's motion to reduce the sentence based upon Stevenson's cooperation and imposed a term of 180 months.  Eight years later, the sentencing commission amended the drug calculation tables to reduce the base offense-level for cocaine-base offenses by two points.  *See* U.S.S.G. App.

C, amend. 706; U.S.S.G. § 2D1.1(c). Soon after the amendment, Stevenson moved for a reduction in his sentence based on the amended guideline, but the court denied the motion. Stevenson appeals.

## II.

The parties agree that § 3582(c)(2) gave the district court discretion to reduce Stevenson's sentence retroactively based upon the guidelines amendment. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, amend. 706. The question is whether the court abused that discretion in denying the reduction. *See United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004).

It did not. The court properly stated the applicable standard, noting that it was required to consider the § 3553(a) factors, public-safety concerns and Stevenson's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, Application Note 1(B). It then explained why the public-safety factor weighed against a reduction. For one thing, Stevenson had a substantial criminal history, which included one prior felony and numerous misdemeanor marijuana convictions. For another, Stevenson had "recklessly created a substantial risk of death or serious bodily injury" when fleeing from law enforcement prior to his arrest. Sentencing Hr'g Tr. at 7. Together, these facts convinced the court that Stevenson would present "a danger to the community" if released early, ROA I at 3—a legitimate reason for denying a reduction. *See United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009); *United States v. Clarke*, No. 08-2892, 2009 WL 792755, at *1 (7th Cir. Mar. 27, 2009); *see also United States v. Johnson*, 564 F.3d 419, 424 (6th Cir. 2009). The court also noted that Stevenson's post-sentencing conduct did not help him either. Stevenson had two disciplinary violations in prison, which were sufficiently serious to lead to a loss of several privileges. On this

record and in the face of this reasoning, the court's exercise of discretion was reasoned and reasonable.

Stevenson's main argument on appeal goes to inconsistency—that the district court granted a large downward departure based upon his cooperation at his initial sentencing but then refused to grant a further reduction after the crack-cocaine amendments because he posed a risk to the public. But we fail to see the inconsistency. That the court granted Stevenson a downward departure to 180 months by no means proves that, eight years later, he deserved a further reduction. Presumably the first reduction accounted not just for his help to the government but also for the hazards Stevenson continued to pose to the public. All that has happened here is that the trial judge, who had a ring-side view of the sentencing proceedings and of the defendant, has concluded that Stevenson continues to present the same risk to the public that justified a 180-month sentence in the first place. *See United States v. Nelson*, 303 F. App'x 641, 646 n.7 (10th Cir. 2008) (noting that the district court has no obligation to resentence a defendant at the bottom of an amended guidelines range even though it sentenced him to the bottom of the pre-amendment range).

Nor did the court clearly err in concluding that Stevenson posed a danger to the public. True, Stevenson had "no adult convictions for a crime of violence" and his prison infractions were not violent. Appellant's Br. at 11. But a reasonable judge could look at his reckless flight from officers at the time of his arrest and his repeated flouting of the criminal law and penal authority, and see a pattern. That may not be the only conclusion that can be drawn from this record, but it is a

supportable one—and that is all it takes to show that the sentencing judge permissibly exercised his discretion.

Nor could Stevenson obtain a reversal even if he could show as a matter of law that he posed no risk to the public.  Even non-violent prison infractions represent "post-sentencing conduct" that a court may consider "in determining . . . whether a reduction" is warranted.  U.S.S.G. § 1B1.10, Application Note 1(B).  No precedent supports the notion that every non-violent prisoner is entitled as a matter of law to a discretionary sentence reduction under the new cocaine-base guideline.

III.

For these reasons, we affirm.