File Name: 11a0152n.06

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 09-2462

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 16, 2011**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| JAMES ARTHUR DANIEL, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, COLE, and KETHLEDGE, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** This appeal concerns the re-sentencing of defendant James Daniel pursuant to 18 U.S.C. § 3582(c)(2). In 2006, he was sentenced to 102 months of incarceration after he pleaded guilty to trafficking in crack cocaine, 21 U.S.C. § 841(a), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Thereafter, the guidelines were amended to ameliorate the disparity between sentences for trafficking in crack versus powdered cocaine. As a result of these amendments, which are applied retroactively, defendant's advisory guidelines range fell from 97 to 121 months to 78 to 97 months. Defendant filed a motion for a reduction to his sentence and sought a term of imprisonment of 78 months. The district court denied defendant's

1

motion and re-imposed its original judgment, concluding that it was "reasonable, irrespective of the crack cocaine amendment[s]."

## I.

The details of the drug trafficking that led to defendant's prosecution are detailed in the pre-sentence report ("PSR") prepared prior to the original sentencing hearing held on September 21, 2006. Neither party filed any objections to that report and we therefore rely upon it by way of background. Briefly, defendant and a co-defendant were arrested in March 2006 in Grand Rapids, Michigan based upon information supplied by a confidential informant. At the time of the arrest, defendant carried a loaded handgun. He acknowledged that $3,000 in cash, marijuana, as well as crack and powdered cocaine found during a search belonged to him.

As mentioned, defendant pleaded guilty and received a sentence of 102 months of incarceration. At the sentencing hearing, the district court recognized that defendant came from a supportive family. However, it observed that the nature of the offense was "egregious." When imposing sentence, the district court urged defendant to take advantage of the resources available to him in prison, including substance abuse programs and educational opportunities.

No direct appeal was taken. However, on January 31, 2008, defendant filed a motion to reduce his sentence based upon the previously mentioned amendments to the guidelines. The probation office prepared a sentence modification report ("SMR"), which re-calculated the guidelines range as falling between 78 to 97 months. Because the original sentence was five months above the low end of the guidelines range, the SMR concluded that a similar adjustment would be

"comparable to the original sentence" and recommended a new sentence of 83 months. Appointed counsel for defendant filed a response to the SMR, suggesting that 82 months of incarceration would more closely track the original sentence. The response also attached documents that reflected the positive steps taken by defendant while incarcerated: classes he had taken and a certificate acknowledging completion of drug education program.

The government urged the district court to re-impose the original sentence. It pointed out that defendant had been a "high level drug dealer." The district court ultimately adopted the government's position in a memorandum opinion:

> When considering whether a reduction of sentence is warranted, the Court considers § 3553(a) factors. 18 U.S.C. § 3582(c)(2).
>
> The nature and circumstances of this offense involve a person who, when arrested, was in possession of a loaded, stolen, 9 millimeter handgun, cocaine, marijuana, and $3,000 in cash. The defendant's history includes seven adult convictions, as well as alcohol abuse and marijuana addiction. A sentence of 102 months will provide defendant with a just punishment, but it will also afford him needed educational and correctional treatment to assist him in re-entering society with the necessary tools to live as a law abiding and productive citizen. Therefore, the original sentence of 102 months is reasonable, irrespective of the crack cocaine amendment.

## II.

This court reviews re-sentencing decisions made pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004). Our jurisdiction is premised upon 18 U.S.C. § 3742. *United States v. Bowers*, 615 F.3d 715, 722-23 (6th Cir. 2010) (permitting *inter alia* review of sentences "greater than the sentence specified in the applicable guideline range").

Section 3582 provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In turn, the sentencing guidelines include the following policy statement with respect to re-sentencing:

> In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) [which include the crack cocaine amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1), p.s. The Supreme Court has recently made clear that "§ 3582 does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010). Sentence modification involves a two-step process. First, the district court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification" and, if he is eligible, the court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant

4

at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2691-92. The commentary that accompanies § 1B1.10 includes these factors for the court's consideration:

> Public Safety Consideration. – The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> Post-Sentencing Conduct. – The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10, cmt. (n.1(B)(ii)-(iii)).

When considering a reduction to his sentence, defendant contends that the district court paid insufficient attention to the mitigating information that he submitted, particularly his post-conviction efforts at rehabilitation. As noted above, U.S.S.G. § 1B1.10 permits a district court to consider such conduct in determining "whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10, cmt. (n.1(B)(iii)). The memorandum opinion denying a reduction in sentence makes no mention of defendant's efforts at bettering himself while in prison.

The Supreme Court's decision in *Dillon* makes clear that sentencing modification is a discretionary, limited proceeding that does not involve full-scale re-sentencing. *Dillon*, 130 S.Ct. at 2692. While the district court could have given more weight to defendant's post-conviction efforts at rehabilitation, it chose to put more emphasis upon the seriousness of the offense and the

need to protect the public, which are equally valid sentencing criteria under the guidelines. In short, we detect no abuse of discretion.

Finally, we note that defendant's brief challenges the reasonableness of his original sentence. Because he declined to take a direct appeal of that sentence, this argument has been forfeited.

**III.**

The judgment is **affirmed**.