**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0050n.06

No. 10-4255

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jan 13, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| BRYON TAYLOR, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before: MOORE and GRIFFIN, Circuit Judges; and QUIST, District Judge.**[*]

**KAREN NELSON MOORE, Circuit Judge.** Defendant-Appellant Bryon Taylor appeals

the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)

in light of United States Sentencing Guidelines ("U.S.S.G.") amendments lowering the base offense

level for certain cocaine-base offenses. Because the district judge considered the 18 U.S.C. § 3553

factors as applied to the particular circumstances of Taylor's case and concluded that Taylor would

have received the same sentence if the Guidelines range had been lower, we AFFIRM.

**I. BACKGROUND**

Bryon Taylor pleaded guilty in 2004 to conspiracy to possess with intent to distribute more

than 50 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. The

government filed a 21 U.S.C. § 851 enhancement motion based on Taylor's prior drug trafficking

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of
Michigan, sitting by designation.

offense, which established a statutory mandatory minimum sentence of 240 months of imprisonment; although the government could have filed an additional § 851 motion based on a second prior trafficking conviction, which would have resulted in a mandatory life sentence, it declined to do so. Under then-existing U.S.S.G. § 2D1.1, the advisory sentencing range was 262 to 327 months.[1] Because the guidelines range was above the mandatory minimum, the district judge used the guidelines range as the starting point for the sentencing analysis. After a two-level reduction for acceptance of responsibility and an additional three-level reduction for substantial assistance, the range was 151 to 188 months of imprisonment.[2] The judge considered the 18 U.S.C. § 3553(a) factors, emphasizing Taylor's criminal history, and the possibility of imposing a below-guidelines sentence in recognition of the disparity in the guidelines between crack and powder cocaine offenses. The district court ultimately imposed a sentence of 151 months of imprisonment and five years of supervised release. Pursuant to his plea agreement, Taylor did not appeal.

In 2010, Taylor filed a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 706, which lowered the base level for Taylor's crack cocaine offense. The district court held that Taylor was eligible for a reduction under § 3582(c)(2) but nonetheless denied the motion. Taylor timely appealed.

---

[1] For purposes of determining his base offense level, Taylor was held accountable for possession of more than 150 grams of cocaine base. *See* U.S.S.G. § 1B1.3 & cmt. n.1.

[2] The government's motions for a departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 permitted the court to sentence below the mandatory minimum.

## II.  ANALYSIS

### A.  Standard of Review

We review a district court's sentencing decisions, including the decision whether to reduce a sentence under § 3582(c)(2), for an abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard."  *Id.* (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)).

### B.  Motion to Reduce Sentence

Although a district court generally cannot modify a sentence once it has been imposed, an exception exists if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  In such situations, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  The relevant policy statement is U.S.S.G. § 1B1.10.

In 2007, the Sentencing Commission amended the Guidelines to reduce the base offense level for most crack cocaine offenses, in recognition of the longstanding disparity in sentencing ranges between crack and powder cocaine offenses.  Amendment 706, which applies retroactively, can serve

as the basis for a reduction in sentence under § 3582(c)(2). *See United States v. Poole*, 538 F.3d 644, 645-46 (6th Cir. 2008).

Section 3582(c)(2) does not require a reduction when the sentencing range has been lowered; the decision is within the district court's discretion. *E.g.*, *Curry*, 606 F.3d at 327, 330; *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

In determining whether to grant a reduction, the judge must consider the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed" by the reduction. U.S.S.G. § 1B1.10 cmt. n.1(B). Because a § 3582(c)(2) reduction does not constitute a full resentencing, however, the court need not expressly articulate its analysis of each factor if the record demonstrates that the court indeed considered them. *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010) (citing *Curry*, 606 F.3d at 330-31). Evidence that the judge had "considered the relevant factors in some depth at the original sentencing" can be relevant. *Curry*, 606 F.3d at 331. In *Curry*, we affirmed a district judge's order that was "cursory at best" but stated that the court had reviewed the record and considered the § 3553(a) factors. *Id.*

At Taylor's original sentencing, the district judge calculated the range based on former § 2D1.1, then considered whether to impose a below-guidelines sentence based on the general inequities of the crack/powder disparity. The judge was free to reject the 100-to-1 ratio on policy grounds. *Spears v. United States*, 555 U.S. 261, 265-66 (2009). After evaluating the § 3553(a) factors and the circumstances of Taylor's case, the judge decided not to give a lower sentence, determining that the guidelines sentence was appropriate as to this particular defendant. Taylor's

4

crime involved a large quantity of drugs, and he had a significant criminal history. Indeed, he would have faced a mandatory life sentence but for the government's decision not to file an additional § 851 motion. Thus, although the decision to impose a 151-month sentence was based on the former § 2D1.1, it was confirmed by a § 3553(a) analysis.

In deciding whether to grant a reduction, the district judge stated that she "fully reconsidered all of the factors under § 3553(a)" and referred to her analysis at the original sentencing hearing. R.67 (Dist. Ct. Mem. & Order at 4 & n.3). The order again emphasized Taylor's criminal history and the nature of his crime of conviction, an emphasis which reflects consideration of § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant") and § 3553(a)(2) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). The district court's explanation of its decision was sufficient and, indeed, was more extensive than in other orders that we have affirmed. *See United States v. Howard*, 644 F.3d 455, 460-61 (6th Cir. 2011) (reviewing our caselaw on this issue). Under these circumstances, the decision not to reduce Taylor's sentence under § 3582(c)(2) was not an abuse of discretion.

## III. CONCLUSION

In its consideration of Taylor's motion for a reduction in sentence under §3582(c)(2), the district court evaluated the particular circumstances of Taylor's case and explained why, in light of those circumstances, reduction was not warranted. Accordingly, its decision to deny Taylor's motion was not an abuse of discretion. We AFFIRM.