File Name: 13a0353n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 12-3842

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 09, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff – Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| ALAN R. GRIFFIN, | ) | |
| | ) | OPINION |
| Defendant – Appellant. | ) | |
| | ) | |

Before:  MOORE and STRANCH, Circuit Judges; HOOD, District Judge.[*]

**JANE B. STRANCH**, Circuit Judge.  Defendant Alan R. Griffin appeals the decision of the district court denying him a sentence reduction under 18 U.S.C. § 3582(c)(2).  Finding no abuse of discretion, we AFFIRM.

## I.  FACTS AND PROCEDURAL HISTORY

The government indicted Griffin on one count of possession with intent to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  The charge stemmed from Griffin's participation in a drug deal on May 17, 2007.  As police approached during the transaction, Griffin fled in his vehicle at a high rate of speed.  He was apprehended after his car struck a pole.  R. 35 Sent. Hr'g Tr. Page ID 168–69.  Because of the large drug quantity

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

involved—559.04 grams of crack cocaine and 328.59 grams of marijuana—Griffin faced a statutory mandatory minimum sentence of ten years and a maximum sentence of life in prison. He pled guilty to the charge pursuant to a plea agreement.

The presentence report ("PSR") set a base offense level of 34 under USSG § 2D1.1 (2007). PSR ¶ 12. With a three-level reduction for timely acceptance of responsibility, the total offense level was 31. PSR ¶¶ 18–20.

Griffin's prior record earned him five criminal history points, placing him in criminal history category III. In 1993, at age 15, Griffin struck and killed a pedestrian while eluding police in a stolen car. PSR ¶ 24; R. 35 Sent. Hr'g Tr. Page ID 169. He abandoned the car and fled the scene, but he was later identified through fingerprint analysis. *Id.* Upon conviction for involuntary manslaughter, the court sentenced Griffin to prison in 1996 for five to fifteen years. *Id.*

Before Griffin was apprehended on the 1993 offense, he used a firearm to kill one person and wound another at age 17 in 1995. PSR ¶ 25; R. 35 Sent. Hr'g Tr. Page ID 169. Griffin argued with one of the victims over a drug debt. When the victim did not produce money, Griffin obtained a gun from his friend and shot the victim, who fled the scene with Griffin in chase. When the victim reached home, the main entrance was locked. Griffin shot the victim again. The victim's landlord opened the door to let the victim in. As the door closed, Griffin fired again, killing the landlord. Convicted of involuntary manslaughter with a firearm and felonious assault, Griffin was sentenced to prison for nine to twenty-five years. That sentence was imposed to run concurrently with the sentence for the 1993 involuntary manslaughter conviction. PSR ¶¶ 24–25.

In mid-December 2004, Griffin was paroled from state prison, but by May 2005 he was convicted of attempted drug possession and sentenced to six months in custody followed by six

2

months on probation. PSR ¶¶ 25–26. Following release from custody, Griffin committed the instant drug offense. PSR ¶ 2.

At sentencing, the government decided not to argue that Griffin should be sentenced as a career offender, prompting the district court to adopt the guideline calculation in the PSR. R. 35, Sent. Hr'g Tr. Page ID at 159–61. The total offense level of 31 combined with criminal history category III produced an advisory guideline range of 135 to 168 months, higher than the statutory minimum sentence of 120 months. *Id.*; PSR ¶¶ 47–48. Griffin's counsel asked for a sentence of 120 months, while the government sought a sentence at the top of the guideline range. R. 35, Sent. H'rg Tr. Page ID 162–70.

The district court did not expressly refer to the sentencing factors listed in 18 U.S.C. § 3553(a) during the sentencing hearing, but the court obviously evaluated those factors during a conversation with the defendant before imposing sentence. The court considered the nature and circumstances of the offense, and Griffin's history and characteristics, especially his disadvantaged upbringing, his honesty and cooperation in taking responsibility for his offenses, his present family support, and his desire to act as a positive role model for his young son. *Id.* at 172–74. In considering the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes, the court emphasized to Griffin that a life sentence was available, but that the court did not believe such a sentence was appropriate under all the circumstances. *Id.* at 172–75. Instead, the court opted for a sentence within the advisory guideline range as sufficient, but not greater than necessary, to achieve the purposes of sentencing. The court rejected the parties' sentencing recommendations, settling instead on a term of 140 months in prison. *Id.* at 175. The court advised

3

Griffin, however, that "you're at the point now where I think any other offense. . . you ever commit is an automatic life sentence." *Id.* at 174–75. Griffin did not appeal.

Following adoption of Amendments 750 and 759 to the crack cocaine guidelines, in April 2012 Griffin filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Under the amended guideline range, Griffin's total offense level is 29. At criminal history category III, the applicable guideline range would be 108 to 135 months, restricted by the statutory minimum sentence to 120 to 135 months. Griffin asked the court to reduce his sentence to 120 months, but the district court denied relief.

## II. ANALYSIS

We have jurisdiction of this timely appeal under 18 U.S.C. § 3742(a)(3) because Griffin's sentence of 140 months exceeds the amended guideline range of 120 to 135 months. *See United States v. Bowers*, 615 F.3d 715, 718–19 (6th Cir. 2010) (discussing jurisdiction under § 3742); *United States v. Daniel*, 414 F. App'x 806, 807–09 (6th Cir. 2011) (reviewing denial of § 3582(c)(2) motion for abuse of discretion after *Bowers* where defendant argued his sentence exceeded the maximum of the applicable guideline range). Because the parties agree that Griffin is eligible for a sentence reduction under § 3582(c)(2), we turn promptly to the question whether the district court abused its discretion in denying Griffin's motion. *See United States v. McClain*, 691 F.3d 774, 776 (6th Cir. 2012).

A district court contemplating whether to grant a sentence reduction *must* consider the § 3553(a) factors to the extent they are applicable, as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"; the court *may* "consider post-sentencing conduct of the defendant that occurred after

imposition of the term of imprisonment." 18 U.S.C. § 3582(c)(2); USSG § 1B1.10 cmt. n.1(B). Sentence modification proceedings, however, are not equivalent to a full re-sentencing of the defendant. *Dillon v. United States*, 130 S. Ct. 2683, 2690–92 (2010).

Mindful of its mandatory obligation to consider the § 3553(a) factors and public safety, the district court expressed deep concern about the danger Griffin posed to the community. R. 28 Page ID 128. Griffin had "continuously exhibited a propensity for dangerous and illegal behavior" and had been "incarcerated for most of his adult life." *Id.* Twice convicted of involuntary manslaughter, Griffin killed innocent bystanders on both occasions and also shot and wounded his intended target during the second incident. *Id.* "Based on his violent background and history of perpetual criminal activity upon release from prior incarceration," the court found that a sentence reduction was inappropriate because "public safety would not be served by reducing" Griffin's sentence. *Id.*

The court did not reexamine each applicable § 3553(a) factor individually, but the court is not required to articulate an analysis of each sentencing factor as long as the record as a whole demonstrates that the court took the pertinent factors into account. *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). Here, as in *Curry*, the district court evaluated the § 3553(a) factors at the original sentencing. *Id.* at 331; *United States v. Taylor*, 445 F. App'x 854, 856 (6th Cir. 2012). At that time, the court imposed a sentence of imprisonment of 140 months, twenty-eight months below the top of the applicable guideline range. Although that sentence now exceeds the top of the amended guideline range by five months, the district court adequately explained that Griffin's violent criminal past justified its decision to protect the public rather than grant Griffin a lower sentence. *See United States v. Stevenson*, 332 F. App'x 261, 262–63 (6th Cir. 2009).

In support of his § 3582(c)(2) motion, Griffin submitted documentation showing that he is taking steps to fulfill an inmate skills development plan, including completion of a GED or high school diploma, as well as classes in writing, personal finance, drug education, exercise, building trades, and CDL licensing. He also submitted written confirmation that he has not been disciplined while incarcerated. In his view, these efforts "may be taken as the most accurate indicator of his present purposes and tendencies." *Pepper v. United States*, 131 S. Ct 1229, 1242 (2011) (internal citation and quotation marks omitted).

We agree that Griffin's efforts are commendable and note that they provide important preparation for his ultimate return to productive participation in society. Section 1B1.10, however, permits—but does not require—the district court to consider post-sentencing rehabilitation. Based on Griffin's criminal record, the district court chose not to place as much weight on these efforts and instead "chose to put more emphasis upon the seriousness of the offense and the need to protect the public, which are equally valid sentencing criteria under the guidelines." *Daniel*, 414 F. App'x at 809. Like the *Daniel* court, we do not find that the district court's actions under these circumstances rise to the level of reversible error as we can "detect no abuse of discretion." *See id.* We encourage district courts, however, when considering future motions for a sentence reduction under § 3582(c)(2) to state on the record their reasons for giving greater weight to some factors over others.

## III. CONCLUSION

Having carefully reviewed the record before us, we are not persuaded that the district court abused its discretion in denying Griffin a sentence reduction under § 3582(c)(2). Accordingly, we AFFIRM.