NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0038n.06

No. 15-3852

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 22, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,          )
                                   )
    Plaintiff-Appellee,            )
                                   )
v.                                 )          ON APPEAL FROM THE
                                   )          UNITED STATES DISTRICT
MICHAEL DONTAE LUCAS,              )          COURT FOR THE
                                   )          NORTHERN DISTRICT OF
    Defendant-Appellant.           )          OHIO
                                   )
                                   )

BEFORE:     COLE, Chief Judge; SUHRHEINRICH and ROGERS, Circuit Judges.

    SUHRHEINRICH, Circuit Judge.   Defendant-Appellant Michael Lucas ("Lucas") appeals the district court's denial of his unopposed motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we AFFIRM.

**I.**

    On December 13, 2010, Lucas, then 29 years of age, pleaded guilty to possessing with intent to distribute crack cocaine and was sentenced to 72 months of imprisonment. The plea agreement establishes that on August 30, 2010, a detective from the Akron Police Department Street Narcotics Uniform Detail was informed about an impending drug transaction in the area of Vernon Odom Boulevard and Diana Street, Akron, Ohio. The informant indicated that Lucas would be driving a blue Ford F-150 pickup truck. Officers set up surveillance and observed a blue Ford F-150 pickup truck arrive, an individual later identified as Lucas, enter a residence in

the area, and exit from the residence and depart in the blue Ford F-150 pickup truck a short time later. Lucas was quickly stopped for a traffic violation, jumped from his still-moving vehicle, and fled on foot. As he fled, officers observed that a t-shirt and plastic bag had fallen out of Lucas's shorts, which they recovered. The bag contained 25.56 grams of cocaine base ("crack"). As a result, Lucas was charged with, and pleaded guilty to, violating 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The presentence report set Lucas's base offense level at 24 based on the 25.56 grams of crack. U.S.S.G. § 2D1.1(c)(8), amended by U.S.S.G. Supp. App. C Amend. 782. It reduced the offense level by two points for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and noted that the government would request an additional one-point reduction, giving Lucas a total offense level of 21. At a Criminal History Category III, the resulting Guidelines range was 46 to 57 months.

On February 23, 2011, the district court varied upward and sentenced Lucas to 72 months' imprisonment, effectively a three-level upward variance. Lucas did not appeal the sentence.

On November 1, 2014, the United States Sentencing Commission passed retroactive amendments to the Sentencing Guidelines, which lowered all base offense levels for drug offenses described in Guidelines U.S.S.G. § 2D1.1 and 2D1.11 by two levels. *See* U.S.S.G. Supp. App. C Amend. 782 (eff. Nov. 1, 2014); *see also id.* Amend. 788 (making Amendment 782 retroactive). On February 12, 2015, Lucas filed an unopposed motion for sentence reduction pursuant to § 3582(c)(2), requesting a reduction to 57 months based on an amended total offense level of 22, with a Guidelines range of 51 to 63 months. Attached to the motion were several exhibits detailing his remorse and rehabilitative efforts.

In an Order and Decision dated July 28, 2015, the district court denied Lucas's unopposed motion for a sentence reduction. First, the district court recognized that Lucas was eligible for a sentence reduction. Next, the court detailed Lucas's criminal history, noting that "Defendant has been involved with the criminal justice system since the age of 19 and has eight prior convictions ranging from burglary to possession of cocaine to assault to having weapons under disability."[1] After detailing the facts of Lucas's prior convictions, the court concluded that based on "the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct." The court found that the current sentence of 72 months reflected the seriousness of the offense and provided just punishment, in light of Amendment 782. The court therefore concluded that "a further sentencing reduction is inappropriate at this time." Lucas appeals that determination.

## II.

This court reviews a district court's denial of a motion for sentence reduction under § 3582(c)(2) for abuse of discretion. *United States v. McClain*, 691 F.3d 774, 776 (6th Cir. 2012). A court abuses its discretion when it relies on clearly erroneous facts, improperly applies the law, or uses an erroneous legal standard. *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009).

Section 3582(c) gives a district court limited authority "to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). "The statute thus establishes a two-step inquiry.

---

[1] Ohio law makes it illegal for any person convicted of a felony offense involving illegal possession or sale of drugs to have, carry, or use a firearm "[u]nless relieved from disability under operation of law or legal process." Ohio Rev. Code § 2923.13(A)(3).

A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

As the district court correctly recognized, Lucas qualified for a reduced sentence under Guidelines Amendment 782. Thus, with a revised total offense level 22 and a Criminal History Category III, Lucas would be eligible for a reduced sentencing range of 51 to 63 months. At issue is the district court's discretionary denial of Lucas's request for a sentence reduction. Lucas offers three reasons why that denial was an abuse of discretion.

First, Lucas contends that the district court made an incorrect finding of his criminal history. In its order, the court stated that Lucas's prior convictions included burglary. Lucas points out that he has never been convicted of burglary and that the presentence report actually indicates that he was arrested for burglary at age 15, but that no charges were filed. Presentence Report 6. Granted, Lucas does not have a conviction for burglary. But as the government observes, this misstatement does not detract from the district court's determination that continued incarceration was necessary to protect the public and deter Lucas from further criminal conduct. The district court correctly considered that Lucas's adult criminal convictions commenced at age 19 and included multiple prior convictions. As the district court explained, Lucas's other conduct included fleeing from police, being a felon in possession of firearms while on community control, and causing a head injury to one of his children while attacking the baby's mother. Indeed, the presentence report reflects that Lucas has nine convictions as adult: four times for driving with a suspended license, twice for possessing cocaine, once for assault, once for obstructing official business, and once for being a felon in possession of a weapon while under community control. Presentence Report 7-10. Thus, the district court was rightly

"troubled by the Defendant's significant criminal history and his propensity to flee from law enforcement, carry weapons and commit violence on others, all while continuing to sell crack in the community." The district court acknowledged the fact that Lucas "seem[ed] to have done well while in custody," but felt that this factor did not outweigh the risk to the community. In short, the court did not abuse its discretion.[2]

Second, Lucas complains that the district court twice stated, when considering the § 3553(a) factors, that "further" reduction was not appropriate at this time. As the government points out, "this was not a point of legal or factual significance." Appellee's Br. 13. In its decision, the court correctly outlined the factual and procedural background and never stated that Lucas's sentence was previously reduced. The word choice was harmless.

Third, Lucas argues that the district court utilized an incorrect legal standard because it did not rely on *Freeman v. United States*, 131 S. Ct. 2685 (2011). *Freeman* states that "[s]ection 3582(c)(2) empowers district judges to correct sentences that depend on frameworks that later prove unjustified," and that "[t]here is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range." *Id.* at 2690. *Freeman* does not state, let alone hold, that § 3582(c)(2) requires district courts to lower a term of imprisonment simply because the Sentencing Commission issues a retroactive amendment lowering the sentencing guidelines. *Freeman* was a plurality decision, and Justice Sotomayor's concurrence constitutes the holding. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013). That holding is simply that "when a [Rule 11(c)(1)](C) agreement expressly uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is

---

[2] Lucas does not contend on appeal that the district court abused its discretion by giving insufficient weight to his efforts at rehabilitation.

eligible for sentence reduction under § 3582(c)(2)." *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring). Indeed, Lucas does not have a right to a reduced sentence, *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); U.S.S.G. § 1B1.10 cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right"), "even if the retroactive amendment has lowered the guideline range." *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997).

*Dillon* lays out the proper legal standard for reviewing § 3582(c)(2) motions. That is, the district court first determines whether the defendant is eligible for a sentence reduction. If eligible, the district court must then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. One of those factors is the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C); *see also* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (stating that the court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"). This court has affirmed the denial of a motion for a sentence reduction despite a retroactive Guideline amendment lowering the sentencing range where the district court found that the defendant had a lengthy criminal history, recklessly created a danger to the public when fleeing from law enforcement prior to his arrest, and repeatedly flouted the law. *See United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009). The district court in this case did not abuse its discretion by focusing on Lucas's history of criminal conduct, because it was required to determine whether Lucas posed a risk to public safety.

Finally, Lucas asks us to remand his case and reassign it to a different judge. However, as noted, Lucas was not entitled to a reduction as a matter of right, and he has not shown that the district court abused its discretion. The fact that the district court has been the only one in the Northern District of Ohio to deny unopposed motions after Amendment 782 does not establish abuse of discretion.[3] Because a remand is not warranted, a reassignment is not necessary.

**III.**

The judgment of the district court is AFFIRMED.

---

[3] Lucas points out in his brief that the district court has granted two unopposed motions for sentence reduction.