NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0426n.06

Case No. 24-3249

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Oct 25, 2024 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| BRANDON SANDERS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: MOORE, THAPAR, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Defendant-Appellant Brandon Sanders appeals the district court's denial of his motion to reduce and modify his sentence following the amendment of a provision of the United States Sentencing Guidelines Manual ("U.S.S.G"). Sanders argues that the district court, in adjudicating his motion, failed to adequately consider certain statutory sentencing factors. The district court found that although Sanders qualified for a sentence reduction under Amendment 821 to the Sentencing Guidelines, his extensive criminal history, the need for effective deterrence, and the safety of the public weighed against his requested relief. For the reasons below, we AFFIRM.

**I.**

In 2013, Sanders received a nine-year state prison sentence for aggravated robbery. He completed his sentence in late 2021 and four months later, while still on post-release control for

aggravated robbery, Sanders committed four unarmed bank robberies. Even though Sanders was not armed, during three of the robberies, he presented the bank tellers with a note indicating that he had a gun. During the other robbery, the note stated that he "may or may not have a gun." (R. 18 at PageID 70, ¶ 8). He netted a little over $8,000 from these robberies.

A federal grand jury indicted Sanders on four counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (f) and he pleaded guilty to all four counts. The probation office prepared a presentence report ("PSR") in which it calculated a total offense level of 25 under the Sentencing Guidelines. This offense level included a two-point enhancement on each of the four counts for making a threat of death. The PSR assessed Sanders eight criminal history points for his prior convictions. And because he was on post-release control when he committed the four bank robberies, he received two additional "status points" under U.S.S.G. § 4A1.1. This brought his total criminal history score to 10, which placed him in a criminal history category V and resulted in an advisory Guidelines range of 100–125 months' imprisonment.

The district court sentenced Sanders to a within-Guidelines term of 120 months' imprisonment to be followed by a three-year term of supervised release. In discussing the § 3553(a) factors, the district court found that Sanders's commission of essentially the same crime shortly after his release from his state sentence merited a longer sentence than his previous one. The court next examined the seriousness of the robberies and their impact on the victims, noting that the victims would never fully recover from the terror and trauma Sanders caused. The court then discussed rehabilitation, highlighting the substance-abuse resources available to Sanders in prison. Lastly, before pronouncing sentence, the court acknowledged Sanders's family support and the hopeful letter submitted by his fiancée. Sanders appealed his sentence, and we affirmed. *See United States v. Sanders*, No. 22-4051, 2024 WL 21573 (6th Cir. Jan. 2, 2024).

In March 2024, Sanders moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the Sentencing Commission's amendment to U.S.S.G. § 4A1.1, which took effect in November 2023. *See* U.S.S.G. Amendment 821. Part A of Amendment 821 reduces the previous two-point adjustment for committing an offense while under any criminal justice sentence to a one-point adjustment. Based on the Amendment, Sanders requested a revised sentence of 92 months. He argued that the newly-applicable one-point adjustment would decrease his criminal history category V to IV, and result in a corresponding Guidelines-range reduction to 84–105 months' imprisonment. He also updated the court on his rehabilitation progress since he began serving his sentence, advising that he had completed eight educational programs and received no incident reports. His Bureau of Prisons record and educational certifications corroborate his representations to the court. The government opposed Sanders's request for a sentence reduction due to public-safety concerns. The government argued that Sanders's constant involvement with the criminal justice system proves his resistance to rehabilitation and potential danger to the community.

The district court denied the motion. The court found that Sanders was eligible for a sentence reduction under Amendment 821, but the § 3553(a) sentencing factors weighed heavily against granting his requested relief. Of particular concern to the court was Sanders's extensive history of misconduct, which included 148 conduct reports while incarcerated for his prior armed-robbery offense. The court also observed that Sanders's previous nine-year sentence for armed robbery apparently did not deter future criminal conduct, as Sanders committed the four bank robberies underlying his current sentence mere months after completing that sentence. And he did so while still wearing the GPS ankle monitor that was required as part of his post-release supervision. In denying the request for a reduced sentence, the court concluded that Sanders continues to pose a threat to public safety based on his history of "violent and aggressive behavior"

throughout each stage of his life. (R. 43, PageID 246). The court remarked that it would have arrived at the same sentence even if Amendment 821 had been in effect at the time of original sentencing.

Sanders timely appealed the district court's decision, arguing that the court (1) did not adequately consider all the applicable sentencing factors, and (2) failed to use the new Guidelines range as its starting point and benchmark.

**II.**

We review the denial of a motion for a sentence reduction under § 3582(c)(1)(B) for abuse of discretion. *United States v. Woods*, 949 F.3d 934, 938 (6th Cir. 2020). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).

**III.**

The district court did not abuse its discretion in denying Sanders's motion for a sentence reduction. Generally, a court has no authority to change or modify a defendant's sentence unless a statute expressly grants that authority. *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) (citation omitted). Section 3582(c)(2) authorizes a district court to reduce a sentence when a defendant's initial sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In November 2023, the Sentencing Commission amended § 4A1.1 so that it now directs the district court to:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The principal change from the prior version of the provision is that a defendant will now receive one rather than two "status points" for committing an offense while

under a criminal justice sentence—and even then, only when the defendant has seven or more criminal history points. A separate amendment—Amendment 825—made the change retroactive beginning February 1, 2024. *See* U.S.S.G. § 1B1.10 cmt. n.7.

There is no dispute about Sanders's eligibility for a sentence reduction under Amendment 821. At his original sentencing, the court found that Sanders had eight criminal history points and assessed him two more status points for committing his offenses while on parole. He therefore met the criteria for Amendment 821. After determining eligibility, the sentencing court must then "consider any applicable § 3553(a) factors" before deciding whether to grant a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). These factors include: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; to promote respect for the law; and to ensure just punishment; the need for adequate deterrence; the protection of the public; and providing the defendant with needed training, care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)–(2).

"We review sentences for procedural and substantive reasonableness. . . . In examining the resentencing decision for procedural error, we look to whether the court has engaged in a 'thorough renewed consideration of the § 3553(a) factors.'" *United States v. Bailey*, 27 F.4th 1210, 1214 (6th Cir.), *cert. denied*, 143 S. Ct. 267 (2022) (quoting *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020) (citation omitted)). Substantive reasonableness "considers whether the length of the sentence itself is reasonable given 'the totality of the circumstances.'" *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022) (quoting *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019)). "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United*

*States v. Melton*, 782 F.3d 306, 312 (6th Cir. 2015) (citation omitted). Conversely, we have held that a sentence is substantively reasonable "if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Bailey*, 27 F.4th at 1215 (quoting *United States v. Moon*, 808 F.3d 1085, 1090 (6th Cir. 2015)). Sanders does not directly state whether his challenge is for procedural reasonableness or substantive reasonableness. Regardless, the district court applied the appropriate procedural safeguards by conducting a thorough review of the § 3553(a) factors and adequately explaining its arrival at an above-Guidelines sentence. And Sanders has not demonstrated that the court ignored a pertinent factor or unreasonably weighed any particular § 3553(a) factor.

*Criminal History.* Sanders first argues that the district court overemphasized his criminal history. He contends that denying a sentence reduction based on this factor—especially since the Guidelines already account for his past offenses—creates the potential for unwarranted sentencing disparities. But a defendant's criminal past is part of his history and characteristics under § 3553(a)(1). And we have consistently held that a district court does not abuse its discretion simply by considering the criminal conduct underlying convictions used to calculate the Guidelines range. *See, e.g., United States v. Trejo*, 729 F. App'x 396, 399 (6th Cir. 2018). For example, in *United States v. Griffin*, we upheld the denial of a § 3582(c)(2) motion where the district court cited the defendant's "history of perpetual criminal activity upon release from prior incarceration," as a reason to maintain its original sentence even though it exceeded the top of the newly reduced Guidelines range. 520 F. App'x 417, 419–20 (6th Cir. 2013). We agreed with the district court's conclusion that a reduced sentence would not promote public safety. *Id.* Similarly, here the district court found that Sanders's criminal history revealed a potential danger to the community and

public safety. Considering that Sanders threatened four people with a gun—albeit fictitious—shortly after his release from a long prison term and has multiple convictions for other violent crimes, this reasoning is sound, and we see no evidence that the court accorded outsized weight to these facts.

Sanders's resistance to this conclusion, based on this court's decision in *United States v. Johnson*, 26 F.4th 726 (6th Cir. 2022), is not well taken. In *Johnson*, the district court varied upward and sentenced the defendant to a term of imprisonment that almost doubled his newly calculated post-First Step Act and post-Fair Sentencing Act Guidelines range. The court cited Johnson's extensive criminal history, frequent use of firearms, the increasing severity of his offenses, and his age as reasons for a longer sentence necessary to protect the public. *Id.* at 731. The government conceded Johnson's eligibility but opposed his motion based on concerns of recidivism. *Id.* at 732–33. The sentencing court shared the government's concerns and denied Johnson's motion. *Id.* at 733. On appeal, we concluded that, considering the significant degree to which Johnson's sentence departed from his new Guidelines range, the district court had given undue weight to certain § 3553(a) factors. *Id.* at 736.

Sanders's situation bears little resemblance to Johnson's. First, Sanders's 120-month sentence reflects a 12.5 percent upward variance from the top of his freshly calculated Guidelines range, which, unlike Johnson's sentence, does not render Sanders's sentence an outlier as compared to similarly situated defendants. *See United States v. Zabel*, 35 F.4th 493, 510 (6th Cir. 2022). Nor does Sanders make any such a claim. Further, in finding Johnson's 300-month sentence unreasonable, we highlighted Johnson's significant post-sentencing progress, which included avoiding convictions and serious prison infractions during the fifteen years of his

sentence he had then completed, maintaining supportive family connections, earning numerous certificates, and completing multiple educational courses. 26 F.4th at 739–40.

Here, the district court acknowledged Sanders's educational certificates of completion and lack of post-sentencing disciplinary issues alongside (1) his prior armed-robbery conviction, and (2) his relatively recent past behavior while serving the sentence for that crime. As to the former, we have found no abuse of discretion where there is "some meaningful relationship between the offense of conviction and the defendant's alleged likelihood of reoffending." *United States v. Begley*, No. 21-5760, 2023 WL 2991868, at *4 (6th Cir. Apr. 18, 2023) (quoting *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020)). And as to the latter, Sanders received over 148 conduct reports for various rule violations; over thirty disciplinary actions for obscene acts; classification as a Level 3 "Disruptive Heartless Felon"; and he participated in two separate Security Threat Group incidents. Sanders's previous conduct reasonably raised the district court's concerns about his lack of respect for the law and his possible commission of future crimes that might jeopardize public safety. And given this history, the district court reasonably concluded that Sanders's conduct warranted a longer sentence than his previous one to adequately promote deterrence and respect for the law. His reliance on *Johnson* is therefore unpersuasive.

*Consideration of Last Prior Offense.* Sanders argues that the district court anchored its sentencing analysis in his previous nine-year sentence for armed robbery, rather than using the Guidelines for his current sentence for unarmed robbery as the "starting point and initial benchmark." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (cleaned up). But we already endorsed the district court's handling of Sanders's prior armed robbery in its sentencing determination. *See Sanders*, 2024 WL 21573, at *4. And in any event, the district court did not— as Sanders asserts—begin with his prior offense. The court started by reviewing Sanders's original

Guidelines range. Next, it acknowledged that applying Amendment 821 reduced his criminal history category from V to IV, which in turn lowered the Guidelines range from 100–125 months to 84–105 months. Only then did the court weigh and determine that the § 3553(a) factors counseled against granting Sanders's requested relief. When the district court uses the Guidelines range as the initial framework to explain its decision to deviate, as it did here, the Guidelines still serve as the underlying basis for the sentence, despite any variance. *Molina-Martinez*, 578 U.S. at 199.

*Public Safety.* Sanders argues that the district court failed to explain its conclusion that he likely will pose a significant danger to the community during the portion of his incarceration that exceeds the high end of the Guidelines range. We disagree. The district court emphasized that Sanders's response to freedom after completing his first lengthy sentence was to reoffend with nearly the same crime. This explanation adequately speaks to "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). In Sanders's case, it was reasonable for the sentencing court to conclude—at the initial sentencing and again when evaluating Sanders's motion for a reduction—that an identical sentence would be inadequate to protect the public from Sanders's proven record of repeated conduct.

*Consideration of Favorable § 3553(a) Factors.* Sanders broadly contends that, while the three factors discussed have remained static since his original sentencing, the district court failed to account for two new favorable considerations: his reduced Guidelines range and his positive post-sentencing conduct. Yet, as the preceding discussion illustrates, the district court addressed both factors; the court acknowledged the newly applicable Guidelines range, and it expressly weighed Sanders's clean post-sentencing disciplinary record and accumulation of certificates of

completion. This argument "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Our review, however, focuses on whether the sentence is reasonable, not whether we would have imposed the same sentence. *Id.* Given the totality of the circumstances, a 10-year sentence is not unreasonable, especially when a nine-year sentence for a similar offense previously proved to be ineffective.

In any case, Sanders's complaint that the district court failed to adequately weigh two favorable factors lacks support. "If the district court considered and weighed all relevant § 3553(a) factors, then the defendant bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Zabel*, 35 F.4th at 508 (cleaned up). The record here demonstrates that the court considered all relevant § 3553(a) factors, including those favorable to Sanders, adequately explained its reasoning, and did not abuse its discretion in declining to reduce Sanders's sentence.

**IV.**

We AFFIRM.