**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4714**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

SHAWN DEMETRIUS PHILLIPS,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:02-cr-00004-DCN-1)

───────────

Submitted:  May 19, 2010              Decided:  June 8, 2010

───────────

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Demetrius Phillips appeals his forty-eight month prison sentence imposed in the district court's judgment revoking his supervised release. Phillips's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in sentencing Phillips within the range provided by U.S. Sentencing Guidelines Manual § 7B1.4(a)(2). We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection,

and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

During his supervised release term, Phillips was arrested for and convicted in state court of murder, armed robbery, and criminal conspiracy, and he was sentenced to forty years in prison. Since the new criminal conduct was a violation of his supervised release conditions, the probation officer petitioned for revocation and recommended a sentence at the top of the policy statement range due to the nature of the offense.

At his revocation hearing, Phillips admitted the violation. There were no objections to the supervised release violation report, and the district court adopted its findings and calculations. Phillips was subject to a five-year prison term and eight years of supervised release less any revocation term pursuant to 18 U.S.C. § 3583(e)(3), (h) (2006). Based on a Grade A violation and criminal history category V, Phillips's policy statement range was forty-six to fifty-seven months in prison under USSG § 7B1.4(a)(2), and his revocation term would run consecutive to his state sentence under USSG § 7B1.3(f).

3

The Government requested a sentence within the policy statement range. Phillips requested a sentence below that range and that the district court consider a non-consecutive sentence. Phillips argued that because he would likely serve eighty-five percent of his forty-year state sentence and would be sixty-six years old when released, he was already being punished appropriately for his crime. The district court questioned whether the state sentence was final, and Phillips acknowledged it was being reviewed in post-conviction proceedings.

The district court sentenced Phillips at the lower end of his policy statement range to forty-eight months in prison consecutive to his state sentence but with no supervised release to follow. In rejecting his request for a concurrent sentence below his policy statement range, the district court indicated a willingness to reconsider the request if there were a final state sentence, but the court determined a within-policy range consecutive sentence was appropriate given that "it doesn't get any worse than a conviction for murder and armed robbery."

On appeal, Phillips's attorney concludes it cannot be validly argued that the district court erred or abused its discretion in sentencing Phillips within his properly calculated policy statement range. We agree and find the sentence is both within the prescribed statutory range and reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5