NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0818n.06

No. 09-3717

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Dec 07, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| | ) | |
| JASON GREGORY FOWLER, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Jason Fowler appeals the judgment imposed by the district court after his case was remanded for re-sentencing. *United States v. Fowler*, 535 F.3d 408, 423 (6th Cir. 2008). He contends that the 348-month term of incarceration he received on remand is both procedurally and substantively unreasonable. For the following reasons, we disagree.

**I.**

This prosecution stemmed from a multi-year investigation of the Outlaws Motorcycle Club ("the Outlaws"). Specifically, the investigations targeted the Outlaws' Green Region, which comprised cities in several states, including Louisville, Kentucky, where defendant resided. In 2002, Special Agent Richard McMahan of the Bureau of Alcohol, Tobacco and Firearms obtained a search

1

warrant for defendant's person as well as his residence in Louisville, Kentucky. The search of the home turned up a small quantity of methamphetamine and various firearms. After signing a waiver of rights form provided by McMahan, defendant answered questions. During the course of several interviews, he mentioned his participation in the unsolved murder of an individual named Charles Hurst. For his role in the murder, defendant pleaded guilty in state court to aiding in voluntary manslaughter in exchange for his testimony against the trigger-man.

On April 8, 2003, defendant was named in a 40-count federal indictment issued in the Northern District of Ohio, which charged him and 37 other members of the Outlaws with various crimes. Defendant faced four counts: 1) conduct in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); 2) conspiracy to violate RICO, 18 U.S.C. § 1962(d); 3) conspiracy to engage in drug trafficking, 21 U.S.C. § 846; and 4) conspiracy to use a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(*o*). Defendant elected to go to trial and the jury returned a guilty verdict on each count. It also returned a special verdict on the drug-trafficking count finding that 500 grams or more of methamphetamine were attributable to defendant. As to the substantive RICO count, it found that defendant committed each of the four alleged acts of racketeering contained in the indictment: conspiring to distribute drugs, aiding in the murder of Hurst, the robbery of Hurst, and the collection of a debt from Hurst by means of extortion. *Fowler*, 535 F.3d at 413.

The district court subsequently sentenced defendant to concurrent terms of 240 months of imprisonment on the two RICO counts, a 276-month concurrent sentence on the drug-trafficking

count, and a ten-year consecutive sentence on the firearms count, for a total term of 396 months. We affirmed the convictions but vacated the sentence because the district court was under the false impression that it had no choice but to impose the firearms sentence consecutively to the other sentences. *Id.* at 423. Rather than simply vacate that portion of the sentence, we vacated the entire sentence for these reasons:

> In light of the need to vacate Fowler's 10-year consecutive sentence on the firearms conspiracy offense, it is appropriate to vacate the sentences imposed for his RICO, RICO conspiracy, and narcotics conspiracy offenses as well. The district court's sentencing decisions with respect to these three offenses were most likely influenced by its erroneous belief that a 10-year consecutive sentence was mandated by the § 924(*o*) firearms-conspiracy conviction. Had the district court known that a 10-year consecutive sentence was not required, it may very well have imposed different sentences for the other convictions. Therefore, the district court should have the opportunity to resentence Fowler on all convictions with the knowledge that a 10-year consecutive sentence is not required for the firearms-conspiracy conviction. Accordingly, Fowler's entire sentence is vacated, and the case is remanded for resentencing.

*Id.*

The district court conducted a hearing on remand, at the end of which it imposed the following sentence: concurrent 240-month sentences on the RICO counts; a 188-month sentence on the drug-trafficking conspiracy count, of which 108 months were to be served consecutively to the 240-month sentences; and, lastly, a 120-month concurrent sentence on the firearms count. In sum, defendant's aggregate sentence dropped from 396 months to 348 months of imprisonment. The district court characterized this downward adjustment as an attempt "to give significant credit for the life [defendant] has led in prison." Specifically, defense counsel pointed out at the sentencing

hearing that, while incarcerated, defendant had taught Spanish and a general equivalency high school degree class to his fellow inmates. He had also taken courses himself.

**II.**

An appellate court reviews the reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "In reviewing for procedural reasonableness, a district court abuses its discretion if it "'commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.'" *United States v. Johnson*, 640 F.3d 196, 201-02 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51)). Assuming that the sentence is procedurally reasonable, we then must consider whether the sentence imposed is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51. When, as here, the sentence falls within the advisory guidelines range, we apply a presumption of reasonableness. *Id.*

We turn first to the manner in which the district court calculated defendant's guidelines sentencing range. With respect to the substantive RICO conviction, defendant argued below that the base offense level of 43 contained in the pre-sentence report ("PSR") was too high. At the sentencing hearing defense counsel stated, "I believe for purposes of [the substantive RICO Count], the maximum base offense level should be calculated as a 37, Criminal History Category I." At that level, the guidelines call for a sentencing range between 210 and 240 months of imprisonment,

which is in line with the statutory maximum of 240 months for this offense. 18 U.S.C. § 1963(a).
Counsel assured the judge that his client recognized that RICO carries a twenty-year maximum
penalty and "we're not asking the court to do any less."

In response, the district court made the following observation:

> It must be said that Count 1 – all the counts, but in particular Counts 1 and
> 2, whether I treat [them] as a 43 or a 37 is of very little moment because the driver
> is the statute, as we all know. And the statutory maximum is . . . 240 months.
> That's in both Counts 1 and 2.

In short, the district court appears to have done precisely what defense counsel requested.
Nevertheless, counsel argues on appeal that the sentence imposed on this count is somehow
unreasonable. Not only has counsel waived this argument in light of his statements during the
sentencing hearing, there is simply no merit to it. The 240-month sentence was within the guidelines
range and is therefore entitled to a presumption of reasonableness – a presumption that defendant
has failed to rebut.

Defendant also takes issue with the manner in which the district court calculated his sentence
for the drug-trafficking conspiracy count. Once again, however, we are hard pressed to understand
what error counsel believes was committed. While it is true that the PSR attributed nine pounds and
seven ounces of methamphetamine to defendant, even if the district court had adopted the lesser
amount that defense counsel concedes was attributable to his client, the sentencing range would not
change. Defendant concedes that the guidelines calculation was correct and thus he must rebut the
presumption of reasonableness. Once again, he has not done so.

In sum, the district court correctly calculated defendant's guideline sentence and imposed a term of incarceration within that range. Given that defendant has not explained why his sentence should not be accorded a presumption of reasonableness, *Gall*, 552 U.S. at 51, we accord it that presumption now.

Finding that the sentence was procedurally reasonable, we now ask whether it was substantively reasonable. *Id.* That inquiry essentially poses this question: Is the sentence fair when the totality of the circumstances are weighed? In defendant's view, the district court erred by denying him a downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, and by declining to grant him a downward departure, U.S.S.G. § 5K2.0.

With respect to acceptance of responsibility, we accord the district court's decision great deference and reverse only when we find clear error. *United States v. Theunick*, 651 F.3d 578, 588 (6th Cir. 2011). While a decision to go to trial does not preclude an adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, comment. (n.2), it certainly supports the district court's decision not to award it.

And, though defendant argued for a downward departure based upon his youth, "minimal" participation in the Hurst murder, and lack of a "serious" prior criminal record, the district court's decision is not reviewable: we only review a refusal to grant a downward departure when the district court was unaware of its ability to do so. *United STates v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009). While the district court did not elaborate at sentencing about why it declined to grant a

6

downward departure other than to say that it did not believe it to be appropriate, it is clear from the record that it recognized that it had the authority to grant it.

Because substantive reasonableness concerns fairness under the totality of the circumstances, an inquiry that takes into consideration factors such as the defendant's personal characteristics and the need to ensure that his sentence is in line with sentences given to other similarly situated defendants, we would be remiss if we did not point out that the district court imposed a sentence after remand that was more than 10% below its original sentence. It did so based upon its assessment of defendant's character, specifically his positive post-conviction conduct. In our view, that decision is precisely the kind of "fairness" inquiry required to ensure that sentences are substantively reasonable.

**III.**

The judgment is **affirmed**.