NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0409n.06

No. 12-1974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 25, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| LEON LARON GREENWOOD, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    MERRITT, SUHRHEINRICH and DONALD, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.**  Defendant Leon Greenwood ("Defendant") appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

## I. Background

On June 5, 2008, Defendant pleaded guilty to possession with intent to distribute crack cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  His plea was based on the following conduct:  In September 2007, officers responded to reports of a fight at a house in Lansing, Michigan.  There they found Defendant sitting on a rear porch of the house with a woman. The officers asked Greenwood to approach so that they could speak to him.  He fled instead, running into the path of another officer in front of the house.  The two struggled, and Greenwood was

-1-

arrested.  A search revealed a baggie with three grams of crack, $261 in cash, and a loaded .25 caliber handgun.

Defendant's presentence report ("PSR") determined that he was responsible for 4.3 grams of crack (3 grams, plus an additional 1.3 grams derived from the cash he possessed). The PSR used the 2008 edition of the Guidelines Manual.  It calculated his total offense level for the drug charge at 19.  Defendant also had 19 criminal history points, 6 points higher than the threshold level for a criminal history category IV designation.  Defendant's criminal record included convictions for resisting arrest, domestic violence, domestic aggravated arrest, drug possession and drug distribution. Defendant also had other arrests, many of which were domestic assault charges that were later dismissed.

Defendant's resulting guidelines range for the drug charge was 63-78 months' imprisonment. Based on his extensive criminal record, the PSR recommended a two-level departure because his criminal history category substantially underrepresented the seriousness of his criminal history.

Defendant objected to the two-level enhancement.  Although the court felt that Defendant's record was "egregious," it declined to impose the upward departure.  (R. 42 ID# 129)  The court imposed a 72-month sentence for the drug charge.  When the consecutive 60-month sentence on the firearm charge was added, Defendant's total sentence was 132 months.

On August 3, 2010, the Fair Sentencing Act was enacted, lowering the ratio for crack versus powder cocaine from 100:1 to 18:1.  The Sentencing Commission promulgated emergency amendments to the Sentencing Guidelines, which became permanent on November 1, 2011. Amendment 750 reduced the base offense levels in U.S. S.G. § 2D 1.1(c) applicable to crack cocaine offenses, and Amendment 759 made Amendment 750 retroactive. *See Dorsey v. United States*, 132

S. Ct. 2321, 2329 (2012); *United States v. Williams*, No. 12-3353, 2013 WL 331579, at *2 (6th Cir. Jan. 30, 2013).

On November 14, 2011, Defendant filed a motion for a sentence reduction, seeking a retroactive application of the new crack guideline pursuant to § 3582. A sentence modification report ("SMR") was prepared. The SMR determined that Defendant was eligible for a sentence reduction under Guidelines Amendment 750, and calculated his amended base offense level as 16. With a three-point adjustment for acceptance of responsibility, Defendant's adjusted offense level was 13. His criminal history category remained VI. The new guidelines range for the drug charge was 33 to 41 months. The SMR recommended 37 months. When added to the unaffected firearm conviction, the new total amended sentence was 97 months.

Under "Public Safety Factors," the SMR reported that Defendant has an eighth grade education and "virtually no employment history." Defendant is an alcoholic, and he is addicted to marijuana, cocaine, crack cocaine, and ecstasy. He has an "extensive violent criminal history," which "paint[s] a picture of an extremely violent, out-of-control individual." This includes seventeen prior adult convictions, including four felonies, four for domestic violence, and four drug-related offenses. In addition, Defendant has eighteen additional arrests; of these thirteen are assaultive in nature. The SMR noted that Defendant has attacked women, including a pregnant woman, his brother, and his mother, and that he once left his two-year old child sleeping in the back of a vehicle as he fled from law enforcement.

Under "Post Sentencing Conduct," the SMR further reported that Defendant had completed numerous educational classes while incarcerated, including substance abuse treatment. However, he had been involved in two disciplinary incidents – on April 17, 2009, he threatened bodily harm,

resulting in a loss of discretionary good time credit and thirty days in disciplinary segregation; and

on January 27, 2011, he was insolent toward staff, resulting in a thirty-day loss of commissary

privileges.

Defendant filed a response to the SMR, pointing out that he had made efforts to rehabilitate

himself while serving his sentence, had received his GED, and had taken educational classes. He

also described a difficult childhood. The Government opposed a reduction to Defendant's sentence,

arguing that public safety factors supported a denial of a sentence reduction.

On July 17, 2012, the district court denied the motion stating,

> Defendant has an extensive criminal history which includes 18 criminal convictions. His post-sentencing conduct, as detailed in the Sentence Modification Report, includes being Insolent Toward Staff and Threatening Bodily Harm. . . . Due to defendant's extensive criminal history, his post-sentencing conduct, and the public safety factors that the Court has to be mindful of, the Court will **Deny** defendant's motion for reduction.

(R. 53, ID# 182-83)

This appeal followed.

## II. Analysis

We review a district court's decision to grant or deny a motion to modify a sentence under

§ 3582 for abuse of discretion. *See United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2007).

One way a district court abuses its discretion is by relying on clearly erroneous facts. *Id.*[1]

Section 3582(c)(2) gives a district court authority to modify a term of imprisonment that has

been imposed on a defendant "who has been sentenced to a term of imprisonment based on a

---

[1]We have jurisdiction pursuant to 18 U.S.C. § 3742. *United States v. Bowers*, 615 F.3d 715, 722-23 (6th Cir. 2010) (authorizing review of sentences "greater than specified in the applicable guideline range").

sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court may reduce the term, "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); U.S.S.G. § 1B1.10 cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92.

The commentary accompanying § 1B1.10 *requires* the court to consider public safety factors, and *permits* the court to consider post-sentencing conduct in whether a reduction in the defendant's term of imprisonment is warranted. U.S.S.G. § 1B1.10, cmt. (n.1(B)(ii)–(iii)). Thus, the district court *is* required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting U.S.S.G. § 1B.10 cmt. n.1(B)(ii)). The court *may*, but *is not* required to, consider a defendant's post-sentencing conduct. *Id.* (quoting U.S.S.G. §

1B1.10cmt. n.1(B)(iii)). *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1242-43, 1249 (2011) (holding that when a defendant's sentence has been set aside on direct appeal, the district court may consider evidence of the defendant's postsentencing rehabilitation at resentencing, since such conduct may be relevant to several of the § 3553(a) factors).

It is undisputed that Defendant is eligible for a sentence reduction. The issue here is whether the district court abused its discretion in denying Defendant's request at step two. Defendant argues that the district court abused its discretion because it failed to consider his rehabilitative efforts. At sentencing, the district court called him to "a higher duty . . . to clean up this act . . . and get back in the race." (R. 42 ID# 138) The court addressed his need for education and vocational training and recommended Defendant get his GED. In his response to the SMR, Defendant told the district court that he had taken the court's advice, obtaining his GED, completing a drug education program, working consistently, and receiving good evaluations. (R.50 ID# 165) Defendant therefore contends that the district court's factual findings are clearly erroneous because he ignored this positive mitigating information, and as a result, the denial of his request for a sentence reduction was an abuse of discretion. *See Washington*, 584 F.3d at 695.

This argument must be rejected. As noted, Defendant is not entitled to a sentence reduction. Second, the district court considered the requisite "public safety consideration." As the district court observed, Defendant's conduct during the underlying offense, his extensive criminal history, and his post-sentencing behavior all indicate that early release would pose a risk to public safety. The offense of conviction itself involved danger to the community—Defendant was involved in a fight, and fled police with a loaded handgun in his pocket. As detailed above, Defendant has an extensive criminal history, constituting both convictions and arrests, that involves violent and assaultive

conduct. Furthermore, his post-sentencing behavior demonstrates that the behavioral trends continues: both of the disciplinary actions involved assaultive behavior and were sufficiently serious to warrant removal of privileges, and in the case of threat of bodily harm, resulted in his placement in disciplinary segregation.

This case is akin to *United States v. Stevenson*, 332 F.App'x 261 (6th Cir. 2009). There, we affirmed the denial of a reduction based on public safety concerns where the defendant had a lengthy criminal history and created a great threat to public safety when he fled from police, because this behavior indicated "a danger to the community." *Id.* at 262-63. Stevenson's post-sentencing conduct "did not help him either," because he had two disciplinary violations while in prison, resulting in a loss of several privileges. *Id.* at 263. *See also United States v. Monday*, 390 F. App'x 550, 554-55 (6th Cir. 2010) (upholding a denial of reduction based on the defendant's criminal history and an incident of misconduct in prison, which involved a minor assault on a corrections officer and possession of a cellular phone in violation of prison rules).

The district court was not obligated to consider Defendant's post-sentencing conduct. The court did anyway, but focused on Defendant's misconduct in prison rather than his positive improvements. This is not an abuse of discretion, however, as we explained in a case where the defendant likewise complained that the memorandum opinion denying a reduction in sentence failed to mention "the defendant's efforts at bettering himself while in prison":

> The Supreme Court's decision in *Dillon* makes clear that sentencing modification is a discretionary, limited proceeding that does not involve full-scale re-sentencing. *Dillon*, 130 S.Ct. at 2692. While the district court could have given more weight to defendant's post-conviction efforts at rehabilitation, it chose to put more emphasis upon the seriousness of the offense and the need to protect the public, which are equally valid sentencing criteria under the guidelines. In short, we detect no abuse of discretion.

*United States v. Daniel*, 414 F. App'x 806, 809 (6th Cir. 2011). *See also Curry*, 606 F.3d at 330-31 (noting that this court has "not required the district court to articulate the applicability of each sentencing factor as long as the record reflects that the pertinent factors were taken into account"; affirming the denial of a sentence reduction motion although the district court "did not expressly consider all the § 3553 factors that might have been relevant"). *Cf. United States v. Nesbit*, 420 F. App'x 541, 544, 545-46 (6th Cir. 2011) (upholding denial of full reduction where the district court summarily explained in its order that it had taken into account § 3582(c)(2), Amendment 706, "as well as the serious issues of post-sentencing conduct and public safety outlined in the brief in opposition"). Furthermore, the same judge presided over the original sentencing and resentencing motion. He had both a "ring-side view of the sentencing proceedings and the defendant," *Stevenson*, 332 F. App'x at 263, as well as a SMR and sentencing memoranda from both parties. *See Curry*, 606 F.3d at 330-31. In short, the court did not abuse its discretion.

### III. Conclusion

The judgment of the district court is **AFFIRMED**.