NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0035n.06

No. 15-3592

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 20, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| DION HEATH, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GILMAN, WHITE, and STRANCH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Dion Heath appeals the district court's denial of his 18 U.S.C. § 3582 motion to modify his 152-month sentence for possession of crack cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1). Heath argues that the district court abused its discretion by disregarding arguments in favor of a sentence modification and treating post-sentencing conduct as a required consideration. We **AFFIRM**.

**I.**

The Cincinnati Police Department arrested Heath on August 10, 2005, for possession of 32.69 grams of crack cocaine and a Kel-Tec P-11 9mm pistol. On August 16, 2006, a grand jury indicted Heath on charges of possession of crack cocaine with intent to distribute, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug-trafficking offense. The government agreed to dismiss the felon-in-possession charge in exchange for Heath's plea of guilty to the other two counts. He pleaded guilty on October 11, 2006.

The Presentence Report (PSR) calculated a Guidelines range of 92 to 115 months of imprisonment for the drug charge and a mandatory consecutive minimum sentence of 60 months of imprisonment for the firearm charge. The district court adopted the PSR calculations and imposed a total sentence of 152 months of imprisonment—a 92-month low-end Guidelines sentence for the drug charge and a 60-month mandatory consecutive sentence for the firearm charge. Heath appealed the reasonableness of the sentence for the drug offense, and we affirmed the district court's judgment in an unpublished order.

On November 1, 2014, the Sentencing Commission retroactively amended the drug-quantity table used to calculate Heath's Guidelines range. *See* U.S.S.G. § 2D1.1. The amendment reduced the base level for the relevant quantity of crack cocaine by two levels. *See id.* § 2D1.1(c)(8). Heath's Guidelines range for the drug offense became 77 to 96 months of imprisonment. On March 20, 2015, Heath filed a motion to modify his sentence under 18 U.S.C. § 3582, which permits sentence reductions if a defendant was sentenced based on a Guidelines range that has subsequently been lowered by the Sentencing Commission through retroactive Guidelines amendments. Heath argued that his troubled childhood, mental-health issues, and intellectual challenges supported a reduction. He also urged the court to consider the sentencing disparity between powder and crack cocaine; Heath was sentenced before the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which reduced this disparity. The government contested Heath's motion.

The U.S. Probation Office issued a Post-Sentencing Addendum to the PSR on April 13, 2015, to address Heath's conduct while in custody. According to information provided by the U.S. Marshal's Office, Heath engaged in disruptive behavior while held at the Grant County Detention Center awaiting sentencing in 2006 and 2007, by failing to follow orders, hiding in the

showers to avoid returning to his cell, making suggestive comments to jail staff, and exposing himself. Additionally, in January 2007, Heath threw urine at a correctional officer, and was charged with third-degree assault in Kentucky state court as a result. In February 2007, the jail learned that Heath had threatened to kill two officers, either personally or through a third party. In April 2007, Heath was transferred to a Federal Medical Center in Massachusetts for a forensic evaluation. He reportedly became violent when provoked by other prisoners and allegedly masturbated in public places. In the years following his December 2007 sentencing, the Bureau of Prisons charged Heath with a number of rule violations, including fighting, interfering with secrecy devices, misusing authorized medication, assault, stalking, indecent exposure, engaging in sexual acts, refusing work assignments, insolence to staff members, threatening staff members, destroying property, possession of an unauthorized item, and refusing to obey orders.

The district court held a status conference on April 16, 2015, and heard argument on Heath's motion. Heath's counsel emphasized that the district court sentenced Heath to the bottom of the Guidelines range and drew the court's attention to the disparity between powder and crack cocaine. The government urged the court not to grant a reduction because of public-safety concerns. At the time of his sentencing in 2007, Heath had a criminal history score of sixteen, which placed him in category VI. His state-court convictions included domestic violence, assault on a police officer, and possession of a firearm under disability. The government also emphasized that the court could consider Heath's rule violations in prison, which were not before the court at sentencing.

The district court denied the § 3582 motion on April 20, 2015. The court reviewed Heath's presentencing conduct at the Grant County Detention Center and the Federal Medical Center, his post-sentencing conduct while in the custody of the Bureau of Prisons, and his

troubled background. The court concluded that Heath posed a threat to public safety, noting his firearm conviction, his long criminal history, and his disciplinary problems, and declined to grant a reduction.

## II.

On appeal, Heath argues that the district court erred in denying his § 3582 motion. The decision to grant a § 3582 reduction is discretionary. *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010). Where, as here, the district court determines that a defendant is eligible for a sentence modification but concludes that a reduction is not warranted, we review for an abuse of discretion. *United States v. Taylor*, 749 F.3d 541, 543–44 (6th Cir. 2014). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard." *United States v. Miner*, 774 F.3d 336, 348 (6th Cir. 2014) (quoting *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012)) (internal quotation marks omitted). We will reverse only when "firmly convinced that a mistake has been made." *United States v. Webb*, 760 F.3d 513, 517–18 (6th Cir. 2014) (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)) (internal quotation marks omitted).

Section 3582 provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statements are set forth in the Guidelines commentary, which provides three factors for deciding a § 3582 motion. First, the district court is required to consider the § 3553(a) sentencing factors. U.S.S.G. § 1B1.10

n.1(B)(i). Second, the court must consider public-safety concerns—specifically, "the nature and seriousness of the danger to any person or the community." *Id.* § 1B1.10 n.1(B)(ii). Lastly, the court "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.* § 1B1.10 n.1(B)(iii). The first two factors are mandatory; the third is discretionary. *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

Heath argues that the district court mistakenly believed post-sentencing conduct to be a mandatory consideration. We find no basis for this assertion. The court's opinion and order nowhere described its consideration of post-sentencing conduct as mandatory. R. 49, Order, PID 49. And the court apparently understood this factor to be discretionary during the status conference:

> Okay. You know, I've looked at the factors, you know, we *can* consider. We *can* consider post—it's here somewhere. Let's see.
>
> You know, danger—what concerns me about him is danger to the community and his post-sentence conduct.

R. 54, Conference Tr., PID 206 (emphasis added). The government also described post-sentencing conduct as a factor the court "could" consider. *Id.* at PID 210. The only evidence Heath cites in support of his argument is the court's review of post-sentencing conduct in its opinion and order. But the Guidelines commentary expressly permits this type of review at the court's discretion, U.S.S.G. § 1B1.10 n.1(B)(iii), and Heath offers no reason to believe the court did anything other than exercise its discretion.

Next, Heath argues that the district court failed to consider the eighteen-to-one Guidelines sentencing disparity between powder and crack cocaine. The district court did not discuss this argument in its opinion and order but addressed the issue at the status conference. The district court explained that it had read Heath's motion, including his disparity argument. R.

54, Conference Tr., PID 209. The government then argued that Heath posed a danger to the community and posited that the court would not have sentenced Heath to the bottom of the Guidelines range if the court had been aware of his conduct while in custody. The district court agreed:

> Yes. Yes. That's, yes, that's the way I feel. You know, based on what's happened since, if I—had I known that, I never would have sentenced him at the bottom of the guidelines. *Even though, you know, it still ends up being 18 to 1.*

*Id.* at PID 211–12 (emphasis added). Thus, the district court considered the eighteen-to-one Guidelines disparity but determined that a reduction was not warranted because of public-safety concerns. Although this explanation was brief, it suffices in this § 3582 proceeding. *See, e.g.*, *Watkins*, 625 F.3d at 281; *Curry*, 606 F.3d at 331.

Lastly, Heath argues the district court should have weighed the merits of his motion differently. He points to three salient facts that support his request for a reduction: (1) his drug offense was a low-level street crime rather than an elaborate drug-trafficking scheme, (2) he worked to better himself while incarcerated, and (3) he would still serve a significant amount of time even with a sentence reduction. Further, he argues, the district court placed too great an emphasis on his criminal history, which had not changed since sentencing, and his post-sentencing conduct. But the decision to grant a § 3582 motion is within the court's discretion, and Heath points to no legal or factual mistakes. The district court weighed the public-safety concerns against the other relevant factors, as permitted under the Guidelines, and exercised its discretion to deny the motion. We further note that Heath's original sentence is still within the amended Guidelines range.

For these reasons, we **AFFIRM**.