RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0050p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-5853

ERIC W. SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:93-cr-20314—S. Thomas Anderson, District Judge.

Decided and Filed:  February 25, 2016

Before:  BATCHELDER and ROGERS, Circuit Judges; GRAHAM, District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:**  Elizabeth Rogers, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.  Eric W. Smith, Forrest City, Arkansas, pro se.

_____

**OPINION**

_____

PER CURIAM.  Eric Smith, a pro se federal prisoner, appeals the district court's denial of his motion to reduce his 360-month sentence pursuant to 18 U.S.C. § 3582(c)(2), which can permit a sentence reduction when a prisoner was sentenced based on a sentencing range that has subsequently been lowered.  Smith's sentence was based on the Sentencing Guidelines for drug-

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

trafficking offenses, U.S.S.G. § 2D1.1, even though he also qualified as a career offender under U.S.S.G. § 4B1.1. Amendment 782 to § 2D1.1 subsequently lowered the drug-trafficking offense level applicable to Smith's case, and that decreased offense level produces a Guidelines range that is lower than the 360 months to life under which he was sentenced. However, § 3582(c)(2) does not permit a sentence reduction when the operation of another Guidelines provision prevents an amendment from having the effect of lowering the Guidelines range applicable to a defendant's case. Even if Amendment 782 had applied when Smith was sentenced, Smith's status as a career offender under § 4B1.1 still would have required the application of a Guidelines range of 360 months to life. Accordingly, Smith does not qualify for a reduction under § 3582(c)(2), and the district court properly denied such relief.

In 1994, a jury convicted Smith of participating in a drug conspiracy and maintaining a drug house. Although Smith's presentence report noted that he qualified as a career offender under U.S.S.G. § 4B1.1, the district court sentenced him based on the Sentencing Guidelines for drug-trafficking offenses, U.S.S.G. § 2D1.1. The career-offender offense level applies only if it is greater than the otherwise applicable offense level, *see* § 4B1.1 (1994), and at Smith's sentencing, the drug-trafficking provision produced a higher offense level (40)[1] than did the career-offender provision (37).[2] Smith's offense level of 40 and his criminal history category of VI produced a Guidelines range of 360 months to life. The district court sentenced Smith to 360 months' imprisonment. In 2014, Smith moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which lowered the base-offense level in the Drug Quantity Table applicable to the 2.35 kilograms of cocaine base attributed to Smith. *Compare* U.S.S.G. § 2D1.1(c), *with* U.S.S.G. § 2D1.1(c) (1991). The district court denied his motion, and Smith now appeals.

---

[1]When Smith was sentenced under § 2D1.1, the base-offense level applicable to the 2.35 kilograms of cocaine base attributed to him was 38. U.S.S.G. § 2D1.1(a)(3), (c)(3) (1991). He received a two-level increase for his possession of a firearm under § 2D1.1(b)(1) (1991), leading to a total offense level of 40.

[2]Under § 4B1.1, the offense level correlates with the statutory maximum penalty for the offense of conviction. When Smith was sentenced, the statutory maximum penalty for his offense of conviction, conspiracy to possess and distribute 2.35 kilograms of cocaine base in violation of 21 U.S.C. § 841(a)(1), carried a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (1994). Under the version of § 4B1.1 in effect at the time, an offense level of 37 applied if the defendant's offense of conviction had a maximum penalty of life imprisonment. § 4B1.1 (1994).

The district court correctly denied Smith's motion because Amendment 782 does not have the effect of lowering the Guidelines range applicable to his case. Section 3582(c)(2) permits a district court to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statements are U.S.S.G. § 1B1.10(a)(2), which states that a sentence reduction is permitted when an amendment has "the effect of lowering the defendant's applicable guideline range," and U.S.S.G. § 1B1.10(b)(1), which states that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." The comments to § 1B1.10 further provide that a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision.*" U.S.S.G. § 1B1.10 cmt. n. 1(A) (emphasis added). Here, Amendment 782 does not have the effect of lowering the Guidelines range applicable to Smith's case, because Smith still would have been subject to a Guidelines range of 360 months to life due to the operation of § 4B1.1.

The career-offender offense level "shall apply" when it is greater than the otherwise applicable offense level. *See* § 4B1.1(b); § 4B1.1 (1994). Smith's career-offender offense level—both at his sentencing and under current law—is 37. *See* § 4B1.1; § 4B1.1 (1994); *see also* 21 U.S.C. § 841(b)(1)(A) (1994) (providing that the maximum penalty for a violation of § 841(a)(1) involving 50 grams or more of cocaine base is life imprisonment). If Amendment 782 had been in effect at Smith's sentencing, his drug-trafficking offense level would have been 34, which produces a Guidelines range of 262 to 327 months when combined with Smith's criminal history category.[3] Because 37 is greater than 34, the district court would have applied the career-offender offense level if Amendment 782 had been in effect at Smith's sentencing. An offense level of 37 combined with Smith's criminal history category of VI produces the same Guidelines range that the district court applied at Smith's sentencing: 360 months to life. Thus,

---

[3] Under Amendment 782, the base-offense level for an offense involving between 0.840 kilograms and 2.8 kilograms of cocaine base is 32, § 2.D1.1(c)(4), and Smith still would have received a two-level increase for the use of a firearm. *See* § 2D1.1(b).

because Amendment 782 does not have the effect of lowering the applicable Guidelines range due to the operation of § 4B1.1, Smith is not eligible for a sentence reduction under § 3582(c)(2). This conclusion is in accord with our prior unpublished decision, *United States v. Steel*, 609 F. App'x 851, 855–56 (6th Cir. 2015), as well as the decisions of our sister circuits. *See United States v. Stevenson*, 749 F.3d 667, 670 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1011 (2015); *United States v. Crawford*, 522 F. App'x 758, 760 (11th Cir. 2013); *United States v. Waters*, 648 F.3d 1114, 1117–18 (9th Cir. 2011).

For the foregoing reasons, the order of the district court is affirmed.