NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0513n.06

Case No. 15-4087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 01, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JASON G. FOWLER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. For his part in a criminal conspiracy, a jury convicted Jason Fowler of four crimes. He argues that the drug-distribution portion of his sentence should be reduced in light of Guidelines Amendment 782. The district court denied Fowler's request because the controlling guidelines range was set by murder, not drug trafficking, depriving the court of any discretion to alter the sentence. It added that it would not have reduced Fowler's sentence even if it had discretion to do so. Because the district court correctly found that Fowler was not sentenced under the now-amended drug guidelines, we affirm.

A grand jury indicted Fowler and thirty-seven other members of the Outlaws Motorcycle Club for an array of federal crimes. A jury convicted Fowler on all of the counts he faced: (1) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c); (2) conspiracy to violate RICO, 18 U.S.C. § 1962(d); (3) conspiracy to engage in drug

trafficking, 21 U.S.C. § 846; and (4) conspiracy to use a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(*o*). The predicate act for the first two counts was Fowler's participation in a robbery-murder. The predicate act for Count 3 was Fowler's facilitation of methamphetamine trafficking. Fowler was sentenced to a total of 396 months. On appeal, we vacated the sentence because the district court thought, incorrectly, that it had to impose a consecutive sentence for Count 4. *United States v. Fowler*, 535 F.3d 408, 422–23 (6th Cir. 2008).

At resentencing, Fowler's 396 month sentence became a 348 month sentence: concurrent 240-month sentences for Counts 1 and 2, a 188-month sentence for Count 3 (108 to be served consecutively), and a concurrent 120-month sentence for Count 4. *United States v. Fowler*, 450 F. App'x 494, 496 (6th Cir. 2011). The district court calculated Fowler's sentence by "grouping" the drug offense with Counts 1 and 2—the robbery-murder counts—because they were part of a continuous conspiracy offense. *See* U.S.S.G. § 3D1.2(d). The guidelines provide that, if a court groups counts into one offense level, it must apply the greater base offense level. U.S.S.G. § 3D1.3(b). The highest offense level in this instance was 43 for first degree murder. *See* U.S.S.G. §§ 2A1.1, 2E2.1(c)(1). That made 43 the base offense level for Fowler's drug count too. This generated a guidelines range of ten years to life for Count 3 alone, which became the range the district court considered at resentencing.

In 2014, the U.S. Sentencing Commission retroactively revised the sentencing table for offenses that fall under U.S.S.G. § 2D1.1, a guideline dealing with drug offenses. *See United States v. Smith*, 814 F.3d 802, 803 (6th Cir. 2016) (per curiam). That revision made many drug offenders eligible for sentencing reductions under 18 U.S.C. § 3582(c)(2), which gives district courts discretion to revise sentences when new retroactive guidelines come into effect. Fowler

thought he was one of those eligible drug offenders because he believed he had been sentenced under § 2D1.1 on Count 3. In September 2015, he filed a motion for a sentence reduction. The government opposed the reduction, pointing out that because of the grouping Fowler was sentenced under § 2A1.1, not § 2D1.1, making him ineligible for the § 3582(c)(2) reduction. The district court agreed with the government and denied Fowler's motion, adding that even if Fowler were eligible for the reduction the court would deny it for public safety reasons. Fowler appealed.

The district court got it right. Section 3582(c)(2) permits a sentence reduction only "in the case of a defendant who has been sentenced . . . based on a sentencing range that has been subsequently lowered by the Sentencing Commission." Fowler isn't one of those defendants. Because Fowler's drug and murder convictions were grouped together, his drug sentence was "based on" the murder guideline range set by § 2A1.1. That necessarily means that his sentence was not "based on" the drug guidelines table that Amendment 782 altered. The district court therefore lacked the authority to reduce Fowler's sentence under § 3582(c)(2) even if it had wanted to.

There was some discussion at oral argument about whether Fowler's guidelines range may have been calculated incorrectly at resentencing due to a misapplication of the grouping rules. Any potential error on that score did not become apparent until the district court explained the basis of Fowler's drug sentence in its order denying a sentence reduction. But the parties agree that our current procedural posture—an appeal of an order under § 3582—means we need not and may not address this issue. Any correction, if any correction is warranted, would have to come via a motion under 28 U.S.C. § 2255.

For these reasons, we affirm.

**CLAY, Circuit Judge, concurring in the judgment only**. The history of this case, which is now on its third appeal to this Court, is far too rife with legal error to warrant a conclusion that the district court "got it right" when it denied defendant Jason Fowler's 18 U.S.C. § 3582(c)(2) motion on the grounds that he was *ineligible* for a sentence reduction. However, because it was not an abuse of discretion for the district to deny Fowler's § 3582 motion on the alternative ground that even if Fowler were eligible for a sentence reduction, he "presents a significant public safety concern" that weighs against reducing his sentence, I concur in the judgment affirming the district court.

As indicated in the majority opinion, in 2003, Fowler was one of 38 members of the Outlaws Motorcycle Club indicted on various federal charges in the United States District Court for the Northern District of Ohio. In 2004, an anonymous jury convicted Fowler of:

> (1) [A] substantive . . . offense [under the Racketeer Influenced and Corrupt Organizations Act ("RICO")], in violation of 18 U.S.C. §§ 1962(c), 1963(a) [("Count 1"); (2) RICO conspiracy, in violation of 18 U.S.C. § 1962(d) [("Count 2"); (3) conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846 [("Count 3")]; and (4) conspiracy to use or carry a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(o) [("Count 4")].

*United States v. Fowler ("Fowler I")*, 535 F.3d 408, 411, 413 (6th Cir. 2008). Count 1, the substantive RICO charge, encompassed four predicate acts, one of which was aiding in the robbery-murder of Charles Hurst, an Indiana resident.[1] *Id.* at 413. Fowler was sentenced to a total of 396 months in prison. *Id.*

Fowler appealed, and this Court vacated his sentence on the grounds that the district court had "subjected Fowler to a consecutive and mandatory sentence" on Count 4 that "[wa]s not mandated by the [applicable] statute." *Id.* at 422–23. On remand for resentencing, the district

---

[1] Fowler pleaded guilty to aiding in voluntary manslaughter in Indiana state court based on his role in Hurst's murder. *Fowler*, 535 F.3d at 413.

4

court imposed: (1–2) concurrent 240-month sentences on Counts 1 and 2; (3) a 188-month sentence on Count 3, of which 108 months were to be served consecutively to the 240-month sentences; and (4) a concurrent 120-month sentence on Count 4. *United States v. Fowler ("Fowler II")*, 450 F. App'x 494, 496 (6th Cir. 2011). We affirmed the total sentence of 348 months' imprisonment as procedurally and substantively reasonable. *Id.* at 496–98.

In September 2015, Fowler filed the § 3582 motion underlying this appeal, arguing that his sentence should be reduced under Amendment 782 to the United States Sentencing Guidelines because his drug-trafficking conviction on Count 3 was now subject to a lower base offense level and, as a result, a lower sentencing guidelines range. The government filed a written response opposing Fowler's motion, asserting that he was ineligible for a sentence reduction because his base offense level and resulting guidelines range for Count 3 were not calculated under USSG §2D1.1—the guideline governing certain drug-related offenses and affected by Amendment 782—but instead resulted from his substantive RICO conviction on Count 1 and the sentencing guideline for first-degree murder—USSG §2A1.1. On appeal, the government articulates this argument as follows: "[Fowler's] guidelines calculation did not change because there was no separate computation for Count 3, as Counts 1 through 3 were grouped under [USSG] §3D1.2(d)." *Appellee's Br.* at 15. For the following reasons, such grouping—which was originally provided for in the presentence report ("PSR")—was erroneous.

Certain offenses are explicitly excluded from the guidelines' grouping procedure under USSG § 3D1.2. *See United States v. Morgano*, 39 F.3d 1358, 1379–80 (7th Cir. 1994) ("Not every offense . . . is subject to [§3D1.2's] grouping procedure and some, in fact, are specifically excluded."). First-degree murder under USSG § 2A1.1 is one of the offenses excluded from grouping. *See* USSG §3D1.2 (1990) (stating that "all offenses in Chapter Two, Part A" are to be

5

excluded from the operation of §3D1.2's grouping scheme); *United States v. Horton*, 693 F.3d 463, 477 (4th Cir. 2012) (noting that §3D1.2 "specifically forbids the grouping of homicide offenses and other violent offenses," including those listed under Chapter Two, Part A). Thus, contrary to the government's arguments, as well as the district court's and the majority's conclusions, it was error for the district court to group Counts 1 and 3 at Fowler's original sentencing. Consequently, it was also error for the district court to find that Fowler was ineligible for a sentence reduction based on the erroneous grouping of his offenses.

And although it is largely tangential to the issue raised in this appeal, the PSR contained yet another error worth mentioning. Specifically, the PSR stated, and the district court concluded, that Fowler's conviction on Count 1 was subject to a 20-year maximum sentence. *Fowler II*, 450 F. App'x at 496. However, at the time of sentencing, the base offense level attributable to first-degree murder under §2A1.1 was 43, resulting in a maximum sentence of life imprisonment. *See* USSG §2A1.1 (2002); USSG Ch. 5, Part A, Sentencing Table (1992). Further, 18 U.S.C. § 1963 provided that "[w]hoever violates any provision of [18 U.S.C. § 1962] shall be . . . imprisoned not more than 20 years (*or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment*)." 18 U.S.C. § 1963(a) (1990) (emphasis added). At the time of Fowler's trial, one of his predicate acts for Count 1—murder in violation of Ind. Code § 35-42-1-1(2) (2001)—was punishable by a term of years, life imprisonment without parole, or death. *See* Ind. Code § 35-50-2-3 (2002). Thus, contrary to the PSR's representation and the district court's conclusion, the maximum sentence for Count 1 was not 20 years, but life imprisonment. *See United States v. Johnson*, 440 F.3d 832, 838 (6th Cir. 2006) ("RICO carries a statutory-maximum sentence of 20 years. But if the jury finds that the defendant committed a predicate act that carries a maximum penalty of life

imprisonment, the court can issue a sentence of life imprisonment for a RICO conviction.") (internal citation omitted).

Finally, the majority's proposed remedy for correcting the errors contained in the PSR[2] and compounded at sentencing—the filing of a motion pursuant to 28 U.S.C. § 2255—is a non-starter. Although the majority opines that the grouping error in particular "did not become apparent" until the district court denied Fowler's § 3582 motion, such an argument assumes that defense counsel, the prosecution, the district court, and the two panels of this Court that reviewed Fowler's prior appeals were all incapable of comprehending and/or applying a straightforward guidelines provision that prohibits grouping of "all offenses in Chapter Two, Part A," including murder under USSG §2A1.1. *See* USSG §3D1.2 (1990). Thus, the majority's apparent contention that the grouping error was somehow undetectable during the approximately eleven years between Fowler's sentencing and the district court's denial of his § 3582 motion is unpersuasive. Further, § 2255 includes a one-year statute of limitations that runs from the latest of several dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Because the facts underlying the aforementioned sentencing errors could have been discovered through the exercise of due diligence upon review of the PSR, i.e., before Fowler was sentenced, and because the other dates from which the one-year statute of limitations may run either (a) came and went well over a year ago or (b) are inapplicable, any § 2255 motion filed by Fowler would almost certainly be barred by the statute of limitations. *See* 28 U.S.C. § 2255(f).

---

[2] To reiterate, there were at least three errors in the PSR that affected Fowler's sentence: (1) the imposition of a mandatory consecutive sentence on Count 4, which this Court corrected in Fowler's direct appeal, *see Fowler I*, 535 F.3d at 422–23; (2) the grouping of Counts 1 and 3—an error on which the government and the majority continue to rely; and (3) the imposition of a 20-year maximum sentence as to Count 1, an error which undoubtedly inured to Fowler's benefit.

Nonetheless, for the reasons stated below, the district court's denial of Fowler's § 3582 motion should be affirmed.

As an alternative to its conclusion that Fowler was *ineligible* for a sentence reduction under § 3582—a decision that this Court is charged with reviewing *de novo*, *United States v. McClain*, 691 F.3d 774, 776–77 (6th Cir. 2012)—the district court held that even if Fowler were eligible for a sentence reduction under Amendment 782, the court would deny his motion because he "presents a significant public safety concern." (R. 2253, PageID# 7214). We review this alternative ground for an abuse of discretion. *See United States v. Doe*, 731 F.3d 518, 522 (6th Cir. 2013).

Fowler's only arguments in support of concluding that the district court abused its discretion are that: (1) the district court previously reduced his sentence following remand based on his positive post-sentencing conduct and, ostensibly, should have done so once more; and (2) the district court failed to distinguish its denial of Fowler's § 3582 motion from its decisions granting the § 3582 motions filed by his co-defendants. However, the district court was not *required* to consider Fowler's post-sentencing conduct in adjudicating his § 3582 motion, *United States v. Greenwood*, 521 F. App'x 544, 547 (6th Cir. 2013) (citing USSG §1B1.10 cmt. n.1(B)(iii)), and Fowler cites no authority for his apparent position that the district court should have adjudicated his § 3582 motion in the same manner as those of his co-defendants.[3] Further, this Court has consistently affirmed denials of § 3582 motions based on public safety considerations under USSG §1B1.10 cmt. n.1(B)(ii), *see, e.g.*, *United States v. Lucas*, 636 F. App'x 296, 300 (6th Cir. 2016); *United States v. Heath*, 636 F. App'x 273, 276 (6th Cir. 2016);

---

[3] As pointed out by the government, 18 U.S.C. § 3553(a)(6), which provides for some consideration of the disparities between sentences imposed as to different defendants, "concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008) (emphasis in original).

*Greenwood*, 521 F. App'x at 548–49; *United States v. Nesbit*, 420 F. App'x 541, 545–46 (6th Cir. 2011), and public safety is a factor that the district courts are *required* to consider in adjudicating a § 3582 motion, *Greenwood*, 521 F. App'x at 547. Fowler's conviction on Count 1, which encompassed the predicate act of murder, presents a particularly compelling case for the denial of § 3582 motion based on public safety concerns. *See United States v. Dewitt*, 385 F. App'x 479, 480, 483 (6th Cir. 2010) (affirming the district court's denial of the defendant's § 3582 motion based on his "participat[ion] in two murders as a part of his drug activities").

"Section 3582 does not create a *right* to a reduced sentence," *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) (emphasis in original), and Fowler's violent history provides sufficient justification for declining to reduce his sentence under § 3582. Because the district court's alternative basis for denying Fowler's § 3582 motion was not an abuse of discretion, I concur in the judgment.