SUTTON, Circuit Judge.
For his part in a- criminal conspiracy, a jury convicted Jason Fowler of four crimes. He argues that the drug-distribution portion, of his sentence should be reduced in light of Guidelines Amendment 782. The district court denied Fowler’s request because the controlling guidelines range was set by murder, not drug trafficking, depriving the court of any discretion to alter the sentence. It added that it would not have reduced Fowler’s sentence even if it had discretion to do so. Because the district court correctly found that Fowler was not sentenced under the now-amended drug guidelines, we affirm,
A grand jury indicted Fowler and thirty-seven other members of the Outlaws Motorcycle Club for. an array of federal crimes. A jury convicted Fowler on all of the counts he faced: (1) violation of the Racketeer.Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c); (2) conspiracy to violate RICO, , 18 U.S.C. § 1962(d); (3) conspiracy to engage in drug trafficking, 21 U.S.C. § 846; and (4) conspiracy to use a firearm during the commission of a drug trafficking crime, 18 U.S.C.'§ 924(o), The predicate act for the first two counts was Fowler’s participation in a robbery-murder. The predicate act for Count 3 was Fowler’s facilitation of methamphetamine trafficking, Fowler was sentenced to a total of 396 months. On appeal, we vacated the sentence because the district court thought, incorrectly, that it had to impose a consecutive sentence for Count 4. United States v. Fowler, 535 F.3d 408, 422-23 (6th Cir. 2008).
At resentencing, Fowler’s 396 month sentence became a 348 month sentence: concurrent 240-month sentences for Counts 1 and 2, a 188-month sentence for Count 3 (108 to be served consecutively), and a concurrent 120-month sentence for Count 4. United States v. Fowler, 450 Fed.Appx. 494, 496 (6th Cir. 2011). The district court calculated Fowler’s sentence by “grouping” the drug offense with Counts 1 and 2—the. robbery-murder counts—because they were part of a continuous conspiracy offense. See U.S.S.G. § 3D1.2(d). The guidelines provide that, if a court groups counts into one offense level, it must apply the greater base offense level. U.S.S.G. § 3D1.3(b). The highest offense level in this instance was 43 for first degree murder. See U.S.S.G. §§ 2A1.1, 2E2.1(c)(l). That made 43 the base offense level for Fowler’s drug count too. This generated a guidelines range of ten years to life, for Count 3 alone, which became the range the district court. considered at re-sentencing.
In 2014, the U.S. Sentencing Commission retroactively revised the sentencing table for offenses that fall under U.S.S.G. § 2D1.1, a guideline dealing with drug offenses. See United States v. Smith, 814 F.3d 802, 803 (6th Cir. 2016) (per curiam). That revision made many drug offenders eligible for sentencing reductions 'under 18 U.S.C. § 3582(c)(2), which gives district courts discretion to revise sentences when new retroactive guidelines come into effect. Fowler thought he was one of those eligible drug offenders because he believed he had been sentenced under § 2D1.1 on Count 3, In September 2015, he filed a motion for a sentence reduction. The government opposed the reduction, pointing out that because of the grouping Fowler was sentenced under § 2A1.1, not § 2D1.1, making him ineligible for the § 3582(c)(2) reduction. The district court agreed with the government and denied Fowler’s motion, adding that even if Fowler were eligible for the reduction the court would deny it for public safety reasons. Fowler appealed..
*324 The district court got it right. Section 3582(c)(2) permits a sentence reduction only “in the case of a defendant who has been sentenced ... based on a sentencing range that has been subsequently lowered by the Sentencing Commission.” Fowler isn’t one of those defendants. Because Fowler’s drug and murder convictions were grouped together, his drug sentence was “based on” the murder guideline range set by § 2A1.1. That necessarily means that his sentence was not “based on” the drug guidelines table that Amendment 782 altered. The district court therefore lacked the authority to reduce Fowler’s sentence under § 3582(c)(2) even if it had wanted to.
There was some discussion at oral argument about whether Fowler’s guidelines range may have been calculated incorrectly at resentencing due to a misapplication of the grouping rules. Any potential error on that score did not become apparent until the district court explained the basis of Fowler’s drug sentence in its order denying a sentence reduction. But the parties agree that our current procedural posture—an appeal of an order under § 3582—means we need not and may not address this issue. Any correction, if any correction is warranted, would have to come via a motion under 28 U.S.C. § 2255.
For these reasons, we affirm.